Michael A. LUPO, Plaintiff–Appellant,

v.

HUMAN AFFAIRS INTERNATIONAL, INC., Defendant–Appellee.

No. 850, Docket 93–7719.

United States Court of Appeals, Second Circuit.

Argued Jan. 10, 1994.

Decided June 30, 1994.

Robert A. Recio, Danbury, CT, for plaintiff-appellant.

Charles L. Howard, Hartford, CT (Kimberly A. Mango, Shipman & Goodwin, of counsel), for defendant-appellee.

Before: MINER and MAHONEY, Circuit Judges, and RESTANI, Judge.*

MAHONEY, Circuit Judge:

Plaintiff-appellant Michael A. Lupo appeals from a judgment entered July 9, 1993 in the United States District Court for the District of Connecticut, T.F. Gilroy Daly, *Judge*, that dismissed Lupo's complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the basis of preemption of his state law claims by federal law. The action had been removed to federal court from a Connecticut state court.

We vacate the judgment of the district court and remand the case to the district court with the direction to remand to the Connecticut state court on the basis that the district court lacked removal jurisdiction over this action.

### Background

From June to October 1990, Michael A. Lupo, who had been suffering from depression, was treated by Thomas Foster, a psychotherapist employed by Human Affairs International, Inc. ("HAI"). HAI had contracted with Union Carbide Corporation ("Union Carbide"), Lupo's employer, to provide psy-

* The Honorable Jane A. Restani of the United States Court of International Trade, sitting by designation.

chotherapy services to Union Carbide employees in connection with an employee health benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* In a complaint filed in the Superior Court for the State of Connecticut for the Judicial District of Danbury, Lupo alleged that Foster, to whom Lupo had confided "extremely private personal and sexual histories of himself and his then wife," had used this confidential information to seduce Lupo's wife into a sexual liaison that ended in her divorcing Lupo.

Lupo's complaint asserted claims against HAI for professional malpractice, breach of fiduciary duty, and intentional infliction of emotional distress. HAI removed Lupo's complaint to federal court, claiming federal question jurisdiction because Lupo's claims assertedly were ·governed by ERISA, and then moved to dismiss Lupo's state law claims on the basis that they were preempted by ERISA. *See* 29 U.S.C. § 1144(a).[1] HAI's notice of motion was dated May 11, 1993 and did not specify a return date, although oral argument was requested. Lupo did not comply with D.Conn.Civ.R. 9(a)(1), which requires that: "Unless otherwise ordered by the Court, all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion." On June 14, 1993, "absent objection and after careful review," the district court entered an endorsement on HAI's notice of motion dismissing Lupo's complaint.

On June 22, Lupo moved for an extension of time to file a motion to remand the case to state court. Judge Daly denied the motion on June 25, 1993 "without prejudice for lack of good cause shown." On July 9, 1993, judgment was ·entered dismissing Lupo's complaint. That same day, Lupo filed a motion to remand the case to state court on the ground that the district court lacked subject matter jurisdiction over the case. Three days later, Lupo filed a notice of appeal to this court from the judgment dismissing his complaint. On August 10, 1993, Judge Daly denied the motion to remand "without prejudice for lack of jurisdiction," in light of Lupo's prior filing of a notice of appeal.

## Discussion

Under 28 U.S.C. § 1441, a civil action filed in state court may be removed by the defendant to federal district court if the district court has original subject matter jurisdiction over the plaintiff's claim. In the instant case, HAI removed Lupo's action from Connecticut state court to federal district court on the basis of the district court's federal question jurisdiction under 28 U.S.C. § 1331, asserting that Lupo's claims arose under ERISA because Lupo was seeking to recover for injury resulting from treatment pursuant to a Union Carbide ERISA plan. HAI also invoked 29 U.S.C. § 1132, which provides for civil actions to enforce various provisions of ERISA.

■ 28 U.S.C. § 1447(c), which deals with procedure after removal, provides in part that: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." This mandate to the district court did not come into play in this case. As previously noted, Lupo filed a motion to remand based upon lack of subject matter jurisdiction, but filed a notice of appeal to this court prior to a ruling on that motion by the district court. The filing of the notice of this appeal divested Judge Daly of jurisdiction to entertain the motion to remand. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the. appeal.").

■ The issue of subject matter jurisdiction over the action remains viable, however, and is now properly before this court. *See*

---

1. Section 1144(a) provides in pertinent part that:
   Except as provided in subsection (b) of this section, the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

*Mignogna v. Sair Aviation, Inc.,* 937 F.2d 37, 40 (2d Cir.1991) ("[I]f the federal court never could have exercised original jurisdiction over the case, remand is required even after the entry of final judgment.") (citing *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951); 14A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure* § 3739, at 578–80 & n. 16 (2d ed. 1985 & Supp.1990) (collecting cases)); *see also* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

■ Lupo's complaint only asserts what are facially state common law claims. Thus, in addressing the substantive jurisdictional issue, the initial matter before us is the application of the well-pleaded-complaint rule. The well-pleaded-complaint rule confines the search for a basis of federal question jurisdiction to "what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 725, 58 L.Ed. 1218 (1914) (collecting cases). While HAI defends against the action by arguing that Lupo's claims are preempted by ERISA, this ERISA issue is not raised directly in Lupo's complaint.

■ "One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (citing *Avco Corp. v. New Lodge No. 735, Int'l Ass'n of Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (state claims preempted by § 301 of the Labor Management Relations Act of 1947 treated

as federal claims for purposes of well-pleaded-complaint rule)). In *Metropolitan Life,* the Court held that state common law claims in the nature of ERISA civil enforcement actions governed by 29 U.S.C. § 1132(a)(1)(B) are similarly to be treated as federal claims.[2] 481 U.S. at 64–67, 107 S.Ct. at 1546–48; *see also Smith v. Dunham–Bush, Inc.,* 959 F.2d 6, 10–12 (2d Cir.1992). *Metropolitan Life* established an exception to the general rule that a state claim that is preempted by ERISA may not, without more, be considered a federal claim for purposes of the well-pleaded complaint rule. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22–27, 103 S.Ct. 2841, 2852–56, 77 L.Ed.2d 420 (1983).

■ Given the limited scope of the *Metropolitan Life* rule, Lupo's complaint may be deemed to state a federal claim warranting removal only if one or more of his claims is properly characterized as seeking "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." § 1132(a)(1)(B); *see supra* note 2. The first count of Lupo's complaint avers a negligent hiring and negligent supervision claim against HAI with respect to its employment of Foster, who is alleged to have engaged in negligent treatment and negligent misuse of privileged information. The second count alleges that Foster breached a fiduciary relationship, binding upon HAI as a result of Foster's employment by HAI, that arose between Lupo and Foster as a result of Lupo's psychotherapy treatment and bound Foster not to disclose or misuse confidential information provided to him by Lupo. The final count asserts an intentional infliction of emotional distress claim against HAI based upon Foster's conduct. On their face, none of these claims bears any significant resemblance to those described in § 1132(a)(1)(B).

HAI argues that because Lupo's second claim is based upon fiduciary duty, it is a claim under 29 U.S.C. §§ 1102(a)(2) (defining

2. Section 1132(a)(1)(B) provides that:
   A civil action may be brought—
      (1) by a participant or beneficiary—
       . . . .

   (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

"named fiduciaries") and 1109 (imposing liability for a fiduciary's breach of duties owed to an ERISA plan). We note first that Lupo's claim is based upon an alleged fiduciary relationship between Lupo and Foster under state common law, not a fiduciary relationship derived from ERISA. HAI concedes that Lupo's complaint does not plead a "proper breach of fiduciary duty claim" as defined in § 1109. Second, the § 1109 fiduciary claims discussed by HAI are not the § 1132(a)(1)(B) claims that provide the complete preemption necessary to satisfy the well-pleaded-complaint rule in accordance with *Metropolitan Life.*

■ On appeal, HAI argues that if federal question jurisdiction is lacking, subject matter jurisdiction may be premised upon diversity jurisdiction under 28 U.S.C. § 1332. Even though its notice of removal was based solely upon federal question jurisdiction, HAI contended at oral argument that our opinion in *Curley v. Brignoli, Curley & Roberts Assocs.,* 915 F.2d 81, 84–85 (2d Cir.1990), counsels this court to construe the plaintiff's complaint liberally, or deem the complaint amended, in order to explore unpleaded bases of jurisdiction and preserve federal jurisdiction, especially when a case has been litigated to judgment.

Lupo is a resident of Connecticut and HAI is a Utah corporation with its principal place of business in Salt Lake City, Utah. The *ad damnum* clause of Lupo's complaint states only that Lupo seeks in excess of $15,000, an amount apparently chosen in light of Connecticut procedural requirements.[3] 28 U.S.C. § 1332(a) limits federal diversity jurisdiction to those actions "where the matter in controversy exceeds the sum or value of $50,000." HAI asserts on appeal that notwithstanding Lupo's *ad damnum* clause, the amount in controversy in the instant action actually exceeds $50,000.

---

3. Section 254 of the Civil Rules for the Connecticut Superior Court provides that:

  The clerk in each judicial district and geographical area shall maintain and have available for inspection during office hours a separate trial list for (1) jury cases, (2) family relations cases, (3) administrative appeals, (4) hearings in damages to the court, (5) housing

■ The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy. Addressing this issue in *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936), the Court stated:

  The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations. In the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court. The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure.

*See also In Re Joint E. & S. Dist. Asbestos Litig.,* 14 F.3d 726, 730 (2d Cir.1993) (party asserting jurisdiction "bears the burden of showing that the case is properly before the court") (citing *McNutt,* 298 U.S. at 189, 56 S.Ct. at 785).

■ In accordance with this rule, we hold that if the jurisdictional amount is not clearly

matters and (6) all other nonjury matters. Those cases in which the amount, legal interest or property in demand, is less than fifteen thousand dollars, exclusive of interest and costs, shall be distinguished from cases in which the amount, legal interest or property in demand, is $15,000 or more, exclusive of interest and costs.

alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court. *See Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir.1961). Thus, because Lupo's complaint does not allege an amount in controversy in excess of $50,000, and HAI failed in its notice of removal to assert any amount in controversy or even raise the issue of diversity jurisdiction, we lack subject matter jurisdiction over the present case.

■ At oral argument, HAI sought a remand of this case to the district court to give HAI an opportunity to establish the requisite jurisdictional amount in controversy. We decline to accept this invitation for several reasons. First, allowing a hearing to determine the amount in controversy when the removal petition fails even to allege the proper amount in controversy contradicts *McNutt's* admonition that "[i]f [the defendant] fails to make the necessary allegations he has no standing." *McNutt*, 298 U.S. at 189, 56 S.Ct. at 785–86. Second, we are mindful that:

> The right to remove a state court action to federal court on diversity grounds is statutory, *see Little York Gold–Washing & Water Co. v. Keyes*, 96 U.S. 199, 201, 24 L.Ed. 656 (1877), and must therefore be invoked in strict conformity with statutory requirements, *see* 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.157, at 33–34 (2d ed. 1989). In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.157, at 38 (2d ed. 1989).

*Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir.1991).

28 U.S.C. § 1446(a) requires that in removing a case to federal court, a defendant's notice of removal must set forth "a short and plain statement of the grounds for removal." While HAI's notice of removal did state a federal question ground for removal, we deem that ground to be invalid. HAI's notice of removal thus did not state any proper basis for removal. It would be contrary to any concept of sensible judicial administration to permit HAI to amend its notice of removal at this juncture (well beyond thirty days after HAI first received Lupo's complaint, *see* 28 U.S.C. § 1446(b)) and then remand for a factual hearing to determine whether this action meets the jurisdictional amount-in-controversy requirement. Removal procedures seek a rapid determination of the proper forum for adjudicating an action. We are not inclined to countenance prolonged preliminary litigation over the removal issue simply because HAI failed in the first instance to aver a proper jurisdictional basis for removal.

Understandably, in view of the district court's dismissal of Lupo's claims, the parties have devoted considerable attention on this appeal to the question whether those claims are preempted by ERISA. In the absence of subject matter jurisdiction, however, we have no authority to address that issue. *See Franchise Tax Board*, 463 U.S. at 4, 103 S.Ct. at 2843–44 (vacating federal court ruling on preemption issue and remanding with instructions to remand the case to state court).

## Conclusion

We vacate the judgment dismissing Lupo's complaint and remand this case to the district court with the direction that the district court remand the case to the state court from which it was removed. Costs to Lupo.