USAR SYSTEMS, INC., Plaintiff,

v.

BRAIN WORKS, INC. and Avi Telyas, Defendants.

No. 95 Civ. 2188 (PKL).

United States District Court, S.D. New York.

May 31, 1995.

Carl Oppedahl, Oppedahl & Larson, Yorktown Heights, NY, for USAR Systems, Inc.

Robert L. Epstein, James and Franklin, New York City.

Kenneth S. Guttenplan, Great Neck, NY, for defendants.

### MEMORANDUM ORDER

LEISURE, District Judge:

This action alleges copyright infringement, breach of contract, and fraud. Plaintiff is USAR Systems, Inc. ("USAR"). Defendants are Brain Works, Inc. ("Brain Works") and Avi Telyas (collectively "defendants"). The substance of USAR's copyright infringement claim is that USAR contracted to supply Brain Works with certain goods that contain a programming code on which USAR holds a copyright; that Brain Works breached the alleged contract; and that, therefore, Brain Works' use and subsequent distribution of the goods that USAR has already delivered pursuant to the contract is "unauthorized" and infringes, or induces downstream users or distributors to infringe, USAR's copyright. USAR alleges federal subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1367(a).

USAR has moved for a preliminary injunction prohibiting defendants and all persons acting under their direction and control from unauthorized testing, selling or distribution of goods containing USAR's copyrighted code. Defendants have cross moved to dismiss for lack of federal subject matter jurisdiction. For the reasons stated below, USAR's motion for a preliminary injunction is denied, and defendants' motion to dismiss for lack of federal subject matter jurisdiction is granted.

### DISCUSSION

Section 1338 provides, in relevant part, that "district courts shall have [exclusive] original jurisdiction of any civil action *arising*

*under* any Act of Congress relating to ... copyrights." 28 U.S.C. § 1338(a) (emphasis added). It is well-settled, however, "that not every case involving federal copyright laws 'arises under' those laws such that federal jurisdiction is proper pursuant to § 1338(a)." *Schoenberg v. Shapolsky Publishers*, 971 F.2d 926, 931 (2d Cir.1992) (citing *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir.1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965)). Instead, in cases such as this one, the district court must

> undertake a three-part test ... to determine whether a complaint states a cause of action arising under the Copyright Act. A district court must first ascertain whether the plaintiff's infringement claim is only 'incidental' to the plaintiff's claim seeking a determination of ownership or contractual rights under the copyright.... If it is determined that the claim is not merely incidental, then a district court must next determine whether the complaint alleges a breach of a condition to, or a covenant of, the contract licensing or assigning the copyright.... [I]f a breach of a condition is alleged, then the district court has subject matter jurisdiction.... But if the complaint merely alleges a breach of a contractual covenant in the agreement that licenses or assigns the copyright, then the court must undertake a third step and analyze whether the breach is so material as to create a right of recission in the grantor. If the breach would create a right of recission, then the claim arises under the Copyright Act.

*Id.* at 932–33 (citations omitted).

■ USAR's copyright infringement claim fails this test. The basis for USAR's claim consists of nothing other than Brain Works' alleged breach(es) of contract. If Brain Works had complied fully with whatever obligations it may have incurred pursuant to the parties' alleged contract, Brain Works' alleged use and distribution of the delivered goods would indisputably be "authorized," and USAR's copyright infringement claim would fail by its own terms. USAR's copyright infringement claim is therefore "only incidental" to USAR's breach of contract claim. *See Living Music Records, Inc. v.*

*Moss Music Group, Inc.*, 827 F.Supp. 974, 980–81 (S.D.N.Y.1993) (Sand, J.); *see also Hanna–Barbera Prods. v. Screen Gems–EMI Music*, 829 F.Supp. 67, 71–72 (S.D.N.Y. 1993) (Mukasey, J.); *Lukasewych v. Wells, Rich, Greene, Inc.*, 747 F.Supp. 1089, 1093–94 (S.D.N.Y.1990) (Haight, J.) (discussed with approval in *Schoenberg*, 971 F.2d at 933). In any event, USAR has not alleged facts sufficient to support a conclusion that whatever violations of the parties' alleged contract Brain Works' may have committed amount to breaches of conditions to, rather than covenants of, the alleged contract; and, USAR has not alleged facts sufficient to support a conclusion that Brain Works' alleged breaches are so material as to create a right of recission in USAR. *See Living Music Records*, 827 F.Supp. at 981; *see also Hanna–Barbera Prods.*, 829 F.Supp. at 72–73. USAR's copyright claim therefore does not "arise under" the Copyright Act for purposes of § 1338(a).

■ USAR argues that there is federal subject matter jurisdiction here, because USAR "seeks injunctive copyright remedies which are only available to USAR under the copyright laws." Reply at 3. This argument is without merit. The fact that a plaintiff seeks a copyright remedy does not, without more, provide federal subject matter jurisdiction after *Schoenberg*. There, the Court of Appeals for the Second Circuit pointed out that plaintiff was "seeking damages for the alleged infringement as well as an injunction against future infringements," *Schoenberg*, 971 F.2d at 931, yet the Court proceeded to outline the three-part test for federal subject matter jurisdiction set forth above and concluded that it could not, on the record then before it, determine whether there existed federal subject matter jurisdiction in that case, *see id.* at 931–33. In any event, there appears no sound reason why plaintiffs like USAR should be entitled to obtain injunctive relief in what are, in substance, nothing more than garden-variety cases for breaches of contracts for the sale of goods, adequately remediable by awards of money damages, simply by virtue of the happenstance that the goods at issue in the particular case contain a copyrighted work.

Similarly unavailing is USAR's argument that there is federal subject matter jurisdiction here because its copyright infringement claim is " 'directed ... against the offending use.' " Reply at 3 (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 825 (2d Cir.1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965)). As explained above, the only thing that can be considered "offensive" about Brain Works' alleged use is that Brain Works has breached the parties' alleged contract. Under *Schoenberg*, however, this circumstance is insufficient, without more, to give rise to federal subject matter jurisdiction.

 Finally, USAR argues that this action presents a federal question because defendants would defend the action on the ground, among others, that defendants are the "owners" of the delivered goods and defendants' use and distribution of those goods therefore does not constitute infringement, under the so-called "first-sale doctrine"; USAR argues that this defense raises a federal question as to the meaning of the term "owner" for purposes of the first-sale doctrine. However, "[t]he well-pleaded complaint rule confines the search for a basis of federal question jurisdiction to 'what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.' " *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 272 (2d Cir.1994). The federal question that USAR suggests does not create federal subject matter jurisdiction here, because there would be no need to reach validity of defendants' first-sale doctrine defense unless and until USAR had alleged facts sufficient to constitute a *prima facie* case of copyright infringement, which, for reasons stated above, USAR has failed to do.

The Court's conclusion that USAR's copyright infringement claim does not "arise under" the Copyright Act for purposes of § 1338(a), of course, dooms USAR's motion for a preliminary injunction. And, having dismissed USAR's copyright infringement claim, the Court declines to exercise supplemental jurisdiction over USAR's breach of contract and fraud claims. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

USAR's motion for a preliminary injunction is HEREBY DENIED. This action is HEREBY DISMISSED in its entirety, without prejudice, for lack of federal subject matter jurisdiction.

**SO ORDERED.**