**VILLAGE OF MILLBROOK, Plaintiff,**

v.

**Robert FORREST and Louisa Forrest, Defendants.**

**No. 95 CV 7940 (BDP).**

United States District Court, S.D. New York.

Nov. 3, 1995.

Corbally Gartland & Rappleyea, Poughkeepsie, NY, for plaintiff.

Robert Forrest, pro se.

Louisa Forrest, pro se.

**ORDER**

PARKER, District Judge.

Defendants, Robert Forrest and Louisa Forrest, filed a notice of removal attempting to remove this breach of contract action from the Justice Court, Town of Washington, County of Dutchess, State of New York. Because no basis exists for the exercise of federal jurisdiction over this matter, removal of this action is improper and the action is remanded to the State Court for the following reasons.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is

---

available only when a "federal question" is presented (§ 1331) or plaintiff and defendant are of diverse citizenship and the amount in question exceeds 50,000 (§ 1332). "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994) (quoting *Manway Constr. Co. v. Housing Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir.1983)). Moreover, "[w]here jurisdiction is lacking, ... dismissal is mandatory." *United Food & Commercial Workers Union*, 30 F.3d at 301; see also Fed.R.Civ.P. 12(b)(1) and 12(h)(3).

Defendants' claims do not provide a basis for federal jurisdiction under 28 U.S.C. § 1331. To invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). Where, as here, the petition's constitutional claim[1] appears to be nothing more than a state court claim "recloaked in constitutional garb," the constitutional claim is insufficient to confer jurisdiction. *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir.1989).

Federal jurisdiction is also not available under 28 U.S.C. § 1332 because diversity of citizenship is not alleged to exist between the plaintiffs and defendants. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990) ("It is well established that for a case to come within this statute there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citations omitted); *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir.1994) ("The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy.").

Thus, according this *pro se* petition for removal the close and sympathetic reading to which it is entitled, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (per curiam), *reh'g denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972), it reveals no basis for the exercise of subject matter jurisdiction over the underlying suit. See *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 607, 107 L.Ed.2d 603 (1990) (the Court has an independent duty to examine the basis for jurisdiction); Fed. R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Accordingly, because the Court lacks subject matter jurisdiction over the instant action, the petition for removal is denied and the matter is remanded to state court. 28 U.S.C. § 1447(c). The Clerk of Court is directed to mail a certified copy of this order to the clerk of the State court. We certify under 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith. See *Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S.Ct. 917, 919–20, 8 L.Ed.2d 21 (1962).

SO ORDERED.

---

[1]. The basis of the alleged constitutional claim is that defendants cannot receive the fair and impartial trial guaranteed by the Fourteenth Amendment in a New York state court: "it would be unreasonable to expect the 'parent' State of New York to provide us with the fair and impartial trial of its 'corporate children,'" namely, "the Village of Millbrook and 'attorneys for the plaintiff' Alan E. Rappleyea, Esq. and Corbally, Gartland and Rappleyea and Town Justice Court of the Town of Washington and Town Justice Bruce M. Aubin."