■ CARLOS ANDUJAR, Individually and as Administrator of the Estate of DEBBIE A. ANDUJAR, Deceased, Respondent, v LENOX HILL HOSPITAL, Respondent, and MEDICAL DEPARTMENT PENSION COMMITTEE, JOINT INDUSTRY BOARD OF THE ELECTRICAL INDUSTRY, Appellant, et al., Defendant. [641 NYS2d 532] —Or-

der, Supreme Court, Queens County (Luther Dye, J.), entered on or about February 7, 1995, which denied defendant Joint Industry Board of the Electrical Industry's ("JIB") motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff's medical malpractice and wrongful death claims, which are founded in tort and are premised on JIB's vicarious liability for the negligence of its employees or agents, are not preempted by the Employee Retirement Income Security Act of 1974 (ERISA) since the claims do not implicate the administration of the ERISA-qualified plan itself (*Dukes v U.S. Healthcare*, 57 F3d 350 [3d Cir], *cert denied* — US —, 116 S Ct 564; *Pacificare of Okla. v Burrage*, 59 F3d 151 [10th Cir]; *see also, Lupo v Human Affairs Intl.*, 28 F3d 269 [2d Cir]). We have considered JIB's other arguments and find them to be without merit. Concur—Milonas, J. P., Wallach, Kupferman, Ross and Williams, JJ.