Environamics v. Master Pump        CV-96-476-M    03/27/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Environamics Corporation,
      Plaintiff

      v.                                    Civil No. 96-476-M

Master Pump and Equipment Corporation,
      Defendant


**O R D E R**


Plaintiff moves to remand this diversity case to the New Hampshire Superior Court, suggesting the absence of subject matter jurisdiction.  Defendant objects.  For the reasons outlined below, the motion to remand is granted.

Defendant removed this case from the Hillsborough County Superior Court (Southern District), asserting diversity of citizenship jurisdiction.  In its notice of removal defendant asserted in conclusory fashion that, inter alia, "[t]he matter in dispute exceeds the sum of fifty thousand dollars ($50,000) [the amount applicable in this case], exclusive of interest and costs."  No supporting facts were alleged.  The underlying state writ is entirely unclear as to the amount of damages sought for defendant's alleged contract breach and related claims.  Under those circumstances, a removal notice that simply recites that the amount in controversy is jurisdictionally adequate, is a legally deficient notice.  See Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992); cf. Lupo v. Human Affairs Intnl., Inc., 28 F.3d 269 (2d Cir. 1994).  And, where the underlying writ does not

specify damages, plaintiff's postremoval declaration that the amount in controversy is <u>less</u> than $50,000, if unrebutted, is sufficient to establish the absence of removal jurisdiction. <u>Asociacion Nacional de Pescadores v. Dow Quimica De Columbia, S.A.</u>, 988 F.2d 559, 565 (5th Cir. 1993). Plaintiff has declared that at the time of filing its writ, only $25,000 was sought in damages (now $26,632.53, presumably due to claimed interest or loss use value), and defendant does not adequately rebut that assertion. Defendant does point to the claim in plaintiff's writ that the breached contract was one calling for the purchase of $300,000 worth of goods over time. But the face value of the contract is not the measure of damages sustained, or claimed, for its breach.

Plaintiff's motion raises a matter of subject matter jurisdiction, and not waivable matters of procedural deficiency in the removal process, and so the motion is timely — lack of subject matter jurisdiction may be raised "at any time before final judgment." 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

Accordingly, since the amount in controversy at the time of removal fell well below the requisite jurisdictional amount, and removal having been allowed improvidently and without jurisdiction, plaintiff's motion to remand (document no. 17) is hereby granted). The case shall be remanded to the New Hampshire Superior Court, Hillsborough County (Southern District).

No costs to either party.

2

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 27, 1998

cc:   Daniel P. Schwarz, Esq.
      Douglas L. Ingersoll, Esq.