Bradford M. TOWNE, M.D.,
and Samuel E. Molind,
M.D., Plaintiffs,

v.

NATIONAL LIFE OF VERMONT,
INC. and J. Townsend Gilbert,
Defendants.

No. 2:00–CV–305.

United States District Court,
D. Vermont.

Dec. 20, 2000.

Robert Francis O'Neill, Stephen P. Magowan, Gravel and Shea, Burlington, VT, Dennis Rudolph Pearson, Jericho, VT, for plaintiffs.

Robert Stephen Burke, National Life Insurance Company, Montpelier, VT, for National Life of Vermont, Inc., defendant.

F. Brian Joslin, John Davis Buckley, Theriault & Joslin, Montpelier, VT, for J Townsend Gilbert, defendant.

*OPINION AND ORDER*

SESSIONS, District Judge.

Bradford M. Towne, M.D., and Samuel E. Molind, M.D., ("Plaintiffs") brought this action in the Washington Superior Court against National Life of Vermont, Inc. ("National Life") and J. Townsend Gilbert ("Gilbert") (collectively, "Defendants") alleging violations of state law, including fraud, breach of fiduciary duties, violation of the Vermont Securities Act, and violation of the Consumer Fraud Act. Specifically, Plaintiffs allege that Gilbert "intentionally, deceitfully, and fraudulently induced" them and their corporation, now dissolved, to purchase National Life of Vermont life insurance policies through its "Severance Trust Executive Program" plan ("the STEP Plan" or "the Plan"). Compl., ¶ 58 (Paper 3).

Defendants removed the action to federal court, alleging that Plaintiffs' rights and remedies were governed exclusively by federal law, namely, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiffs now ask that the case be remanded to state court, asserting that this Court does not have removal jurisdiction. Plaintiffs also move for the Court to award them costs, including attorneys' fees, that they incurred in making the motion for remand. Because the Court finds that it did not have removal jurisdiction over this matter, Plaintiffs' Motion to Remand (Paper 7) is **GRANTED**. The motion for an award of costs, however, is **DENIED**.

## I. Factual Background

Plaintiffs, Drs. Towne and Molind, are oral surgeons who jointly owned an incorporated medical practice, Oral and Maxillofacial Surgery, Ltd. ("OMS"), which dissolved in December 1998.[1] In December 1994, OMS bought whole-life insurance policies from National Life through its agent, Gilbert.[2] Plaintiffs allege that Gil-

---

1. When OMS dissolved, its claims against Defendants were assigned to Plaintiffs, as the sole shareholders of the corporation, individually.

2. The insurance policies were made payable to the trustee of the STEP Plan, which governed the disbursement of the benefits.

bert intentionally deceived them about the nature of the Plan in order to induce them to invest in it. They claim that they informed Gilbert that they wished to enroll in the STEP Plan as a means of deferring income and investing for retirement, and that Gilbert fraudulently and inaccurately assured them that the STEP Plan was an appropriate vehicle for their needs. Plaintiffs allege that Gilbert also assured them that "if one of the doctors retired or voluntarily decided not to do business, then both doctors would be entitled to withdraw the amounts they had deposited into the Plan, plus earnings on the contributions." Compl., ¶ 46. Finally, Plaintiffs assert that Gilbert told them to ignore any language in the Plan documents contrary to his assurances, "because it was just 'boilerplate' that 'had to be included to keep the lawyers happy' and to create the appearance that IRS regulations were being complied with." *Id.* at ¶ 43.

After making approximately $80,000 in contributions to the Plan, Plaintiffs decided to dissolve their business, at which point they discovered that not only would they not be able to retrieve the funds they invested in the Plan, but that neither doctor was even eligible for benefits. In fact, only Ms. Johnson, the one other employee of OMS besides the doctors themselves, ended up being eligible for severance benefits under the Plan.[3]

Plaintiffs then brought this action in the Superior Court on July 26, 2000, alleging only state law claims, including fraud, breach of fiduciary duties, violation of the Vermont Securities Act, and violation of the Consumer Fraud Act. Defendants removed the case to federal court on August 25, 2000, asserting that because the STEP Plan is an employee welfare plan covered by ERISA, 29 U.S.C. § 1001 *et seq.*, Plaintiffs' rights and remedies are governed exclusively by federal law, and thus that

federal district courts have original jurisdiction.

In their motion to remand, Plaintiffs contest this assertion,[4] insisting that this Court does not have removal jurisdiction because, under these facts, there is no "complete pre-emption" under ERISA such that Plaintiffs' claims can be said to "arise" under federal law. Importantly, "Plaintiffs do not seek payment of *any* benefits under ... the Plan and its stated terms, nor do they contest the administration of the Plan." Pls' Mot. to Remand Action to Wash.Sup.Ct., at 4 (Paper 7) (hereafter "Mot. to Remand"). Rather, they seek solely to be restored to the status quo that existed before they purchased the policies, "either by rescission of the transaction and return of all premium payments, with interest, or by an award of compensatory damages which puts them in the same position." Mot. to Remand, at 3–4.

## II. Discussion

### A. The Motion to Remand the Action to State Court

"Any action that was originally filed in state court may be removed by a defendant to federal court only if the case originally could have been filed in federal court." *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir.1998) (citing 28 U.S.C. § 1441(a)). Furthermore, "[i]f it appears before final judgment that a case was not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (citing 28 U.S.C. § 1447(c)).

---

3. Ms. Johnson was awarded severance benefits in the amount of $3,260.31 (less taxes). Plaintiffs note that this was less than half of what OMS had paid in contributions on behalf of Ms. Johnson. *Id.* at ¶ 54.

4. Plaintiffs do not contest, however, that the STEP Plan is an employee welfare benefit plan as defined by ERISA.

■ Where, as here, there is no diversity of citizenship alleged, removal depends upon federal question jurisdiction. *See Marcus,* 138 F.3d at 52. "The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule," which provides that "federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law, and only when plaintiff's well-pleaded complaint raises issues of federal law ." *Id.* (citation omitted). Thus, under the well-pleaded complaint rule, plaintiff is "master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Id.* However, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd.,* 463 U.S. at 22, 103 S.Ct. 2841.

■ One exception, or "corollary," to the well-pleaded complaint rule is the "complete pre-emption" doctrine, which comes into play when

> the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)) (footnote omitted). Under such circumstances, despite the fact that the complaint may raise only state law claims, the well-pleaded complaint rule is said to be satisfied, and removal is proper. *See Marcus,* 138 F.3d at 53. It should be noted, however, that the complete pre-emption doctrine is narrow, and "applies only where Congress has *clearly manifested* an intent to disallow state law claims in

a particular field." *Id.* at 54 (emphasis added). Furthermore, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425; *see also Franchise Tax Bd.,* 463 U.S. at 14, 103 S.Ct. 2841. Rather, a defendant may remove a case to federal court only if the "plaintiff's complaint establishes that the case 'arises under' federal law." *Id.* at 10, 103 S.Ct. 2841.

■ At least two distinct provisions of ERISA are relevant to any assertion that state law is pre-empted by federal law in this context. Section 502(a)(1)(B) of ERISA's civil enforcement provisions, the so-called "complete pre-emption" provision, *see, e.g., Moscovitch v. Danbury Hosp.,* 25 F.Supp.2d 74, 82 (D.Conn.1998), provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Thus, claims that can properly be characterized as seeking to recover benefits, enforce rights, or clarify rights to future benefits under a plan covered by ERISA are said to be "completely pre-empted." *See Metropolitan Life,* 481 U.S. at 62–67, 107 S.Ct. 1542. That is, even if facially the complaint makes only state law claims, if those claims come within the provisions of § 502 of ERISA (i.e., if they seek to recover benefits, enforce rights or clarify rights under an employee benefit plan covered by ERISA), they can be re-characterized as claims "arising" under federal law and are removable to federal court. *See id.*

■ Section 514(a) of ERISA, which has been labeled the "conflict pre-emption" provision, *see, e.g., Moscovitch,* 25 F.Supp.2d at 82, on the other hand, pre-empts "any and all State laws insofar as

they may now or hereafter *relate to* any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a) (emphasis added); *see also Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 91, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The Supreme Court has construed the words "relate to" in the conflict pre-emption provision very broadly. In *Shaw,* it held that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." 463 U.S. at 96–97, 103 S.Ct. 2890. In a subsequent case, the Court explained that "[u]nder this 'broad common-sense meaning,' a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) (quoting *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)). Thus, the scope of the pre-emptive effect of § 514(a) is much broader than that of § 502(a).

Unlike ERISA § 502(a), however, "[c]onflict preemption under ERISA § 514(a) ... does not recharacterize claims as arising under federal law. Rather, preemption under ERISA § 514(a) serves as a defense to a state law claim." *Moscovitch,* 25 F.Supp.2d at 82; *see also Franchise Tax Bd.,* 463 U.S. at 23–27, 103 S.Ct. 2841 (holding that federal courts do not have removal jurisdiction over "every state cause of action relating to" plans covered by ERISA that do not come within the scope of ERISA § 502(a)); *Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 272 (2d Cir.1994) (holding that a plaintiff's "complaint may be deemed to state a federal claim warranting removal only if one or more of his claims is properly characterized as seeking 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan'") (citing 29 U.S.C. § 1132(a)(1)(B)); *Smith v. Dunham–Bush, Inc.,* 959 F.2d 6, 8–11 (2d Cir.1992) (discussing both ERISA § 502(a) and § 514(a)); *Warner v. Ford Motor Co.,* 46 F.3d 531, 534–35 (6th Cir. 1995) (discussing the difference between pre-emption under ERISA § 502(a) and § 514(a) and concluding that "no removal jurisdiction exists under § 1144": " '[t]he fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted'—for example under § 1144(a)— 'does not establish that they are removable to federal court' ") (quoting *Caterpillar,* 482 U.S. at 398, 107 S.Ct. 2425). Thus, the fact that a claim may ultimately be pre-empted by ERISA § 514(a) can *never* — standing alone—give federal courts removal jurisdiction over a case. At least one of the claims asserted by the plaintiff must be *completely* pre-empted under ERISA § 502(a) in order for removal to federal court to be proper.

In the case at bar, Plaintiffs do not seek "to recover benefits due to [the]m under the terms of [their] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Rather, they claim simply that Defendants fraudulently concealed the terms and conditions of the STEP Plan in order to induce them to invest in it, and they seek only to be returned to the status quo prior to their adoption of the Plan.

Defendants suggest that Plaintiffs are simply trying to "end-run" pre-emption by "craft[ing] their claims in a manner which seeks to avoid ERISA's preclusive affect [sic]." [Def. Nat'l Life's] Mem. in Opp'n to Pls.' Mot. to Remand, at 3 (Paper 13) (hereafter "Nat'l Life's Opp'n to Mot. to Remand"); *see also id.* ("Plaintiffs allege state law violations, which in reality are only attempts to receive payments they were not eligible for under the ERISA Plan...."); Def. J. Townsend Gilbert's Opp'n to Pls.' Mot. to Remand Action to Wash.Sup.Ct., at 2 (Paper 12) (hereafter "Gilbert's Opp'n to Mot. To Remand")

("Plaintiffs' attempt to characterize their claims as misrepresentations of coverage are nothing more than an attempt to end-run the express provisions of the plan."). While it may very well be true that Plaintiffs have intentionally pursued certain remedies and not others as a means of avoiding ERISA pre-emption, such strategic decisions by plaintiffs are normally permitted under the well-pleaded complaint rule. *See Marcus,* 138 F.3d at 52. Further, the language of ERISA § 502(a) is unmistakably clear and, again, completely pre-empts *only* claims that seek to recover benefits, enforce rights or clarify rights under an ERISA Plan.[5] Plaintiffs here have sought to do none of the above. Thus, Plaintiffs' claims are not completely pre-empted under ERISA § 502(a) and removal to this Court was improper.[6] Therefore, the case must be remanded to the state court.

### B. The motion for costs

■ Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The use of the word "may" in the statute makes clear that the award of costs under this provision is within the discretion of the district court. *Accord Bellido–Sullivan v. American Int'l Group, Inc.,* 123 F.Supp.2d 161, 168

(S.D.N.Y. 2000); *see also Morgan Guar. Trust Co. of N.Y. v. Republic of Palau,* 971 F.2d 917, 924 (2d Cir.1992) (noting that 28 U.S.C. § 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees"); David D. Siegel, Commentary on 1988 Revision of Section 1447, 28 U.S.C.A. § 1447, at 438 (West 1994) ("The matter [of awarding costs and attorney fees in conjunction with a remand] is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand."). Because of the complicated nature of ERISA and, in particular, its pre-emption provisions, Defendants' error in removing the action to federal court was not wholly unreasonable, and therefore an award of costs seems unwarranted in this case. Thus, Plaintiffs' motion for costs is denied.

### III. Conclusion

Wherefore, the Court **GRANTS** Plaintiffs' motion to remand to the Washington Superior Court. The Court **DENIES** Plaintiffs' motion for costs.

---

**5.** As Plaintiffs correctly point out, Defendants entirely fail to address the issue of this Court's removal jurisdiction and the distinction between "complete pre-emption" under ERISA § 502(a) and "conflict pre-emption" under § 514(a). Rather than examining the language of § 502(a) and the controlling case law interpreting that language, Defendants focus almost exclusively on case law interpreting the words "relate to" from ERISA § 514, which, as the Second Circuit made clear in *Lupo,* 28 F.3d at 272, has no relevance to federal removal jurisdiction.

Defendants cite *Dunham–Bush,* 959 F.2d 6, for the proposition that Plaintiffs' claims are completely pre-empted under ERISA. *See* Nat'l Life's Opp'n to Mot. to Remand, at 6–8; Gilbert's Opp'n to Mot. to Remand, at 13–14. In *Dunham–Bush,* the Second Circuit held that a plaintiff's claims were completely pre-

empted under ERISA and that therefore removal to federal court was warranted. 959 F.2d at 8–12. However, unlike in the instant case, the plaintiff in *Dunham–Bush* sued to recover benefits. Furthermore, the *Dunham–Bush* court expressly recognized the distinction between pre-emption under ERISA § 514(a) and what it referred to as "displacement" under § 502(a), *id.* at 8–11, and noted that "[a]lthough appellant's suit is preempted, it may be removed only if it comes within the scope of ERISA's civil enforcement provisions § [502(a)(1)(B) ]," *id.* at 10. Thus, *Dunham–Bush* undermines—rather than supporting—Defendants' arguments.

**6.** The Court expresses no view about whether Plaintiffs' claims are pre-empted under ERISA § 514(a), 29 U.S.C. § 1144(a).