Dwight NOEL, Plaintiff,

v.

**J.P. MORGAN CHASE BANK N.A., and Corrine Roye, Defendant.**

**No. 12–CV–4439 (NG)(JMA).**

United States District Court, E.D. New York.

Jan. 11, 2013.

---

Earl Antonio Wilson, The Wilson Law Firm, New York, NY, for Plaintiff.

Frederic L. Lieberman, J.P. Morgan Chase Legal Department, New York, NY, for Defendant.

## ORDER

GERSHON, District Judge:

■ On July 17, 2012, plaintiff filed a complaint in the Supreme Court of the State of New York, County of Kings, alleging gender discrimination, hostile work environment, and retaliation, all in violation of New York State law, as well as other state law claims. On the basis of his third claim, which alleges that he experienced "retaliatory behavior" after filing a complaint against defendants with the Equal Employment Opportunity Commission ("EEOC"), defendants, on September 6, 2012, filed a notice of removal to this court, arguing that plaintiff's complaint alleges claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), thereby establishing federal question jurisdiction under 28 U.S.C. § 1331.

On October 9, 2012, plaintiff filed a motion for remand to state court, arguing that he had neither pled nor cited any federal law in support of his claims, and that his claims are based solely on state law. In response, defendants argue, principally, that, because plaintiff's EEOC complaint was necessarily premised on a violation of federal rights, and because he alleges retaliation as a result of the EEOC complaint, plaintiff's retaliation claim arises under Title VII, despite the complaint's express allegations to the contrary.

■ Absent diversity jurisdiction, removal is normally improper unless a federal question appears on the face of plaintiffs well-pleaded complaint. *See Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust for S. Cal., et al.,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The removal jurisdiction of the federal courts is limited and should be "scrupulously confined." *Shamrock Oil & Gas Corporation v. Sheets, et al.,* 313 U.S. 100, 109, 61 S.Ct.

868, 85 L.Ed. 1214 (1941). And it is beyond doubt that "'the party who brings a suit is master to decide what law he will rely upon....'" *Travelers Indem. Co. v. Sarkisian,* 794 F.2d 754, 758 (2d Cir.1986) (quoting *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913)). In other words, "Where plaintiffs claim involves both a federal ground and a state ground, the plaintiff is free to ignore the federal question and pitch his claim on the state ground to defeat removal." *Id.* (quotations omitted). The only exceptions to this general rule occur when federal law preempts an entire field or when the plaintiff, in an attempt to defeat federal jurisdiction, omits a federal question essential to resolution of his claim. *Bellido–Sullivan v. American Int'l Group,* 123 F.Supp.2d 161, 163 (S.D.N.Y. 2000). Here, there is no claim (nor could there be) that New York State discrimination law is preempted by Title VII, and therefore removal is proper only if a federal question is essential to plaintiff's retaliation claim. For the reasons stated below, I find that it is not.

The sole basis for defendants' removal is that plaintiff's complaint can be read as asserting retaliation based on his filing with the EEOC of a claim of employment discrimination. However, the portion of plaintiff's complaint to which defendant refers clearly asserts a claim only under New York state law. *See* Pl.'s Compl. at ¶¶ 56–60. Under N.Y. Exec. Law § 296(7) and N.Y. Admin. Code § 8–107(7), it is a violation of New York law to "retaliate or discriminate against any person because he or she has opposed any practices forbidden" by New York's antidiscrimination laws. Filing a federal EEOC complaint based on gender discrimination constitutes opposing a practice forbidden by New York law (*i.e.,* gender discrimination), and therefore retaliating against plaintiff for filing such a complaint appears to provide plaintiff a tenable claim under New York law.[1] Because there is no federal question necessary to resolve plaintiff's claim, he is free to assert only his state law claim, which is precisely what plaintiff has done.

Therefore, this action is hereby remanded, pursuant to 28 U.S.C. § 1447(c), to the Supreme Court of the State of New York, County of Kings. *See Bellido–Sullivan,* 123 F.Supp.2d at 168 (remanding an employment discrimination case where it was "possible for [plaintiff] to make out a tenable [state law] claim" and noting that "the proper course is to allow plaintiff the benefit of the doubt in correctly alleging her causes of action"); *see also Lupo v. Human Affairs Intern., Inc.,* 28 F.3d 269, 274 (2d Cir.1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.").[2] In

---

1. Plaintiff argues that his retaliation claim is based on filing an "internal EEOC" complaint with defendants' Human Resources department. And indeed, the alleged retaliatory acts of which plaintiff complains occurred prior to March 2010, when his initial federal EEOC complaint was filed. It appears, therefore, that plaintiff is not alleging retaliation based on a federal EEOC complaint. This provides an independent, additional basis for remand. However, even if plaintiff's complaint does allege retaliation based on his federal EEOC complaint, New York state law provides a claim on that basis and, as discussed above, plaintiff is free to assert only his state law claims.

2. Defendant argues that the court should not consider plaintiff's reply brief, alleging that it was untimely under this court's local rules. Plaintiff counters that defendant's response brief was likewise untimely. The court need not resolve this issue, however, as it is clear, based solely on plaintiff's complaint, that this court has no jurisdiction over the action.

addition, under 28 U.S.C. § 1447(c), and the facts and circumstances of this case, I find that plaintiff is entitled to "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." If plaintiff wishes to pursue such costs and fees, he should submit, by January 25, 2013, an affidavit and supporting materials detailing any costs and fees to which he believes he is entitled. Defendants should file any response by February 8, 2013.

The Clerk of Court is directed to mail a certified copy of this order to the Clerk of the Supreme Court of the State of New York, County of Kings, and return all files to that court.

**SO ORDERED.**