Christopher F. **GALLAGHER**, International Marine Investors and Management Corporation and Applejack Farm, Inc., Plaintiffs,

v.

Norman H. **DONALD**, III, Charles W. Flynn and Stephen J. Deraddo, Defendants.

No. 92 Civ. 1371 (VLB).

United States District Court, S.D. New York.

Nov. 20, 1992.

Kenneth G. Goberts, Ober, Kaler, Grimes & Shriver, New York City, for plaintiffs.

James C. McMillan, Werbel, McMillan & Carnelutti; Charles W. Flynn, Schaeffer & Zapson; Stephen H. Deraddo, Heath & Baille, New York City; and John R. Bartels, Jr., Bartels & Feuereisen, White Plains, N.Y., for defendants.

## MEMORANDUM ORDER ON MOTION FOR RECONSIDERATION

VINCENT L. BRODERICK, District Judge.

### I

Plaintiffs moved, initially by *ex parte* order to show cause with the conceded purpose of blocking then-pending discovery, to remand this litigation involving common law fraud, securities, and RICO claims. By Memorandum Order dated October 15, 1992 I denied the motion, 803 F.Supp. 899. Plaintiffs thereafter moved for reconsideration. I grant reconsideration and adhere to the prior decision for the reasons which follow.

### II

■ In attempting to show that defendants' removal was untimely, plaintiffs seek, contrary to my ruling in the Memorandum Order of October 15, 1992, to measure the time to remove from the date of their service of a so-called "hip pocket" summons under state law, which they labelled prominently as not a pleading. Plaintiffs' argument is not convincing.

■ Plaintiffs point out quite correctly that the definition of a pleading adequate to trigger the commencement of the time to remove a case to federal court under 28 U.S.C. § 1446(b) is not identical to the definition of a pleading under state law. They attempt to sidestep the confusion created by their designation of their "hip pocket" summons under state law as not a pleading by pointing out that defendants' affidavits fail to establish actual subjective confusion on their part with respect to the significance of the "hip-pocket" summons. This presents the question of whether objectively confusing conduct by the nonremoving party as to the significance of the documents served can be sufficient to toll the running of the time to remove, or whether actual subjective confusion in the minds of the removing parties must be established for that purpose. I conclude that the objective test should be applied.

The second sentence of Rule 1 of the Federal Rules of Civil Procedure sets forth a basic principle applicable to federal procedural law:

"[These Rules] shall be construed to secure the just, speedy, and inexpensive determination of every action."

The same goal underlies much of the Judicial Improvements Act of 1990, Public Law 101–650, 104 Stat. 5089, enacting, among other provisions, 28 U.S.C. § 473, which sets forth numerous means of accelerating disposition of federal civil litigation. Manifestly, interpreting a procedural concept to mandate additional factfinding tends to add to expense, delay and possibility of error.[1] This is particularly true where subjective mental states are involved which cannot be directly observed and which must therefore be probed by discovery or by extensive cross-examination.[2]

Use of an objective test for conduct creating confusion which may toll the commencement of the time for removal of a state court litigation to the federal courts has the advantage of discouraging behavior likely to generate such confusion. The objective test also avoids potential abuse of the factfinding process. Inquiry into subjective confusion could readily lead to discovery concerning the merits, encouraging

---

1. Indeed, substantive rules have also often been fashioned with at least some attention to the reliability and workability of factfinding required by differing formulations. See, e.g., *United States v. Trenton Potteries Co.*, 273 U.S. 392, 397, 47 S.Ct. 377, 379, 71 L.Ed. 700 (1927) (opinion for the Court by Stone, J., later C.J.).

2. Where criminal intent is involved and one's liberty or property is at risk, the necessity for inferring presence or lack of proof of presence of defined kinds of intent is justified, not the situation here. See, e.g., *United States v. United States Gypsum Co.*, 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978); *United States v. Regent Office Supply Co.*, 421 F.2d 1174 (2d Cir.1970).

attempts to exploit it for procedural advantage.

In contract cases, where one has the right to rely on statements made by others and fraud is not claimed, an objective test is generally found appropriate and exploration of the internal mental operations of the parties deemed unnecessary. Thus the making of a contract depends on external signs rather than proof of subjective intent. See Holmes, *The Path of the Law*, 10 Harv. L.Rev. 457 (1897), also in O.W. Holmes, *Collected Legal Papers* 167, 178 (1921); Patterson, "Interpretation and Construction of Contracts," 64 Colum.L.Rev. 833 (1964). Plaintiffs cite no authority for rejecting the contract model and requiring exploration of potential reliance in cases of confusion generated by nonremoving parties under 28 U.S.C. § 1446.

### III

Plaintiffs argue that the plain meaning of 28 U.S.C. § 1441(b), which makes all cases involving claims under federal law removable, and of 15 U.S.C. § 77v(a), which bars removal of a securities "case" but not of securities claims, should be disregarded because all relevant statutes should be read together. This argument is adequately disposed of by the memorandum order of October 15, 1992 which explains precisely why this reading supports adherence to the plain language of each statute, giving the language of each its own role in an overall consistent structure.

Plaintiffs also argue that various decisions cited in the prior memorandum order are distinguishable, but cite no authority rejecting the interpretation set forth in that memorandum order. Pointedly, perhaps, plaintiffs make no mention of *Greenberg v. Veteran*, 889 F.2d 418, 422 (2d Cir.1989), which referred to 28 U.S.C. § 1441(b) as providing "for general federal question removal...."

### IV

Plaintiffs' application for certification of the denial of their motion to remand for interlocutory appeal under 28 U.S.C. § 1292 is denied.

SO ORDERED.