Charlotte COSTANTINI, Plaintiff,

v.

The GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and William J. Murphy, Defendants.

No. 94 Civ. 3403 (VLB).

United States District Court, S.D. New York.

July 25, 1994.

Monroe Yale Mann, Port Chester, NY, for plaintiff.

Robert D. Meade, Bleakley Platt & Schmidt, White Plains, NY, for defendant Guardian.

Stephen Hochhauser, Bertine, Hufnagel, Scarsdale, NY, for defendant Murphy.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Plaintiff Charlotte Costantini has moved to remand to the Supreme Court of the State of New York this suit brought to recover benefits under a life insurance policy and alleging fraudulent activities connected with sale of the policy. The defendant Guardian Life Insurance Company ("Guardian") removed the case to this court under 28 U.S.C. § 1441 on the grounds that plaintiff was covered as an employee under an ERISA plan, although plaintiff did not so allege in the complaint. The defendant William J. Murphy ("Murphy") is accused of fraud under state law in plaintiff's complaint and did not join in the notice of removal.

Plaintiff's motion to remand is granted. Plaintiff's application for sanctions is denied. This case is remanded to the Supreme Court, State of New York, Westchester County.

### II

■ An ERISA or other federal claim need not be labelled as such to fall within federal jurisdiction. See *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); see *Cox Cable New Orleans v. City of New Orleans*, 594 F.Supp. 1452 (E.D.La.1984); *Lupo v. Human Affairs International*, 28 F.3d 269, 271–72 (2d Cir. 1994).

But the federal nature of the claim actually presented—regardless of its label—must be able to be inferred from the face of the complaint in order for the case to be removed under 28 U.S.C. § 1441. *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986); *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 n. 2, 88 S.Ct. 1235, 1237 n. 2, 20 L.Ed.2d 126 (1968); *Lupo v. Human Affairs International*, 28 F.3d 269, 272–73 (2d Cir.1994).

■ Permitting removal to be upheld based solely on a unilateral assertion of jurisdictional facts by the removing party (however correct those facts turn out to be) would run counter to the both the cases cited above and the caution exercised by Congress and the courts in expanding removal jurisdiction beyond traditional limits. Such caution is particularly important because of the self-executing effect of an *ex parte* filing of a notice of removal. See *Ullah v. F.D.I.C.*, 852 F.Supp. 218 (S.D.N.Y.1994).[1]

### III

■ Removal may be achieved where a claim within federal jurisdiction under 28 U.S.C. § 1331 is present even if not all claims asserted in the complaint are within federal jurisdiction. See *Gallagher v. Donald*, 805 F.Supp. 221 (S.D.N.Y.), 803 F.Supp. 899 (S.D.N.Y.1992). A related claim may then be retained under 28 U.S.C. 1367 even if it had no independent federal jurisdictional underpinning.

■ Although all defendants must ordinarily join in a removal, see *Radi v. Travelers Insurance*, 1992 WL 131048, 1992 U.S.Dist. LEXIS 8426 (S.D.N.Y.1992), this is not required where a case involving a federal claim under 28 U.S.C. § 1331 is removed and a separate claim not independently within federal jurisdiction is involved. See 28 U.S.C. § 1441(c).

1. Allowing removal based on facts asserted by the removing party which might subsequently be controverted (rather than the text of the complaint) could lead to initial exercise of jurisdiction if only to determine the controverted facts, followed by later remands when further facts come to light, with resulting in delay detrimental to the interests of justice. This might also make it necessary to consider side litigation concerning assessment of legal expenses resulting from improvident removal upon facts found to be erroneous. See *Basso v. Utah Power & Light*, 495 F.2d 906, 911 (10th Cir.1974); *Page v. Wright*, 116 F.2d 449, 454–55 (7th Cir.1940), *cert. dismissed* 312 U.S. 710, 61 S.Ct. 831, 85 L.Ed. 1142 (1941); *North American Foreign Trading Corp. v. Zale*, 83 F.R.D. 293, 297 (S.D.N.Y.1979).

## IV

■ Guardian has attached to its affidavit in opposition to this motion an application form of plaintiff referring specifically to ERISA and limiting eligibility to members of an employee plan. The correctness of this affidavit has not been controverted. Thus it now seems clear that federal jurisdiction does exist. That is not enough, however, to support removal.

■ Under 28 U.S.C. § 1441 as construed in the cases cited above, removal must be based on the plaintiff's complaint or its necessary implications, not on subsequently established facts, at least unless federal jurisdiction is exclusive.[2]

No such situation is presented here. ERISA creates exclusive federal substantive law where applicable. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64–67, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987); *Lupo v. Human Affairs International*, 28 F.3d 269, 272 (2d Cir.1994); *Smith v. Dunham–Bush*, 959 F.2d 6, 10–12 (2d Cir.1992). ERISA also establishes exclusive federal judicial jurisdiction in many instances. Concurrent jurisdiction over most beneficiary claims for benefits under ERISA plans is, however, established by 29 U.S.C. §§ 1132(a)(1)(B) and 1132(e)(1).

## V

■ A further issue is presented by plaintiff's papers which call the court's attention to a provision in Guardian's agreement informing policyholders that they "may file suit in a state or federal court." This statement may be misleading and give rise to claims against Guardian where a policy of removal is followed, particularly given the existence of concurrent jurisdiction under 29 U.S.C. §§ 1132(a)(1)(A) and 1132(e)(1). See *Shea v. Road Carriers*, 818 F.Supp. 631, 632 & n. 2 (S.D.N.Y.1993).

But standing alone it is not enough to constitute a binding agreement that would preclude removal, even though beneficiary suits for benefits can be brought in state court under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(e)(1). See *id; McDermott International v. Lloyds Underwriters*, 944 F.2d 1199 (5th Cir.1991).

## VI

■ Plaintiff's motion for sanctions against Guardian's counsel is denied. Under Fed.R.Civ.P. 11 as amended in 1993, it must be established in the moving papers that the matter was raised with opposing counsel before any application for sanctions is considered. Further, Guardian's removal, while invalid because not based on the face of the complaint, did have an underlying factual predicate. as shown by the ERISA plan attached to Guardian's papers in opposition to the remand motion. To penalize Guardian for its unsuccessful notice of removal which appears to have been filed in good faith even though legally unsupportable would have an unjustifiable chilling effect on efforts to test or extend the scope of legal rules. See *Stern v. Leucadia National Corp.*, 844 F.2d 997, 1005–06 (2d Cir.), *cert. denied* 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 109 (1988); *Riddick v. Summit House*, 835 F.Supp. 137, 146 (S.D.N.Y.1993).

## VII

Although this litigation is remanded to state court, it would be unfortunate for it to generate legal costs in excess of the underlying insurance claim involved. The parties are requested to consider settlement including alternate dispute resolution. Since an independent ERISA suit by plaintiff in lieu of the state court action remains a possibility should it turn out to be in plaintiff's interest, it would remain appropriate for this court to assist in settlement efforts if requested by the parties.

SO ORDERED.

---

2. Were federal jurisdiction exclusive, the congressional wish to avoid duplicative litigation activity, as indicated by 1441(e) (permitting federal jurisdiction to be exercised upon removal from a state court which lacked jurisdiction because federal jurisdiction was exclusive), might suggest that fact-based rather than complaint-based removal might be considered.