**Theresa DONOHUE, Plaintiff,**

v.

**TEAMSTERS LOCAL 282 WELFARE, PENSION, ANNUITY, JOB TRAINING AND VACATION AND SICK LEAVE TRUST FUNDS, et al., Defendants.**

**No. 97 CV 5418(TCP).**

United States District Court, E.D. New York.

July 16, 1998.

274

Robert M. Baptiste, William R. Wilder, Baptiste & Wilder, P.C., Washington, D.C., Phillip C. Landrigan, White Plains, New York, for Plaintiff.

William K. Wolf, David S. Rich, Friedman & Levine, New York, NY, for Defendants Trustees and Fiduciaries of the Teamsters Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds and Teamsters Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds.

Russell Hollander, Peter Zwiebach, Richard A. Brook, Cohen, Weiss & Simon, New York, NY, for Defendants International Brotherhood of Teamsters, Ron Carey and Local 282, International Brotherhood of Teamsters.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Defendants Teamsters International Brotherhood of Teamsters ("IBT"), Ron Carey and Local 282 (collectively, "Local 282" or "Union defendants") and defendants the Trustees and Fiduciaries of the Teamsters Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds (collectively, "the Fund defendants") move to dismiss the counts in the Complaint alleging two violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, two violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, violation of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161–66, intentional infliction of emotional distress and, violation of the March 23, 1995 Consent Judgment between the United States of America and the Union defendants pursuant to Rule 12(b)(6).

## BACKGROUND

This is an action for retaliation and breach of fiduciary duty under ERISA, violations for RICO, and violations of COBRA. Plaintiff Theresa Donohue also asserts a pendent State claim for intentional infliction of emotional distress. Finally, plaintiff seeks Court enforcement of the Consent Judgment between the defendants and the United States. Compl. ¶ 1.

On April 8, 1994, plaintiff was employed as the Fund Manager of the Teamsters Local 282 Welfare Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds. Subsequently, plaintiff entered into an Employment Agreement for a term to expire on April 7, 1997, with an option to extend for two additional years. Compl. ¶ 26.

Plaintiff alleges that during her employment, she discovered that the Funds were not operated for the exclusive benefit of the participants and beneficiaries.[1] In the Complaint, plaintiff alleges that the trustees would obtain monies from the funds for their own benefit and employers would underpay their required contributions. Compl. ¶¶ 26–34, 40–42, 46. According to plaintiff, certain parties acted both as Fund trustees and as the appointed officers of Local 282 in implementing the schemes. The schemes also allegedly involved efforts to conceal the defendants' corrupt activities from discovery. Compl. ¶ 42. To that end, plaintiff argues, defendants engaged in violent threats and intimidation against Donohue in response to her efforts to reveal the defendants' corruption. Compl. ¶¶ 30–35, 42, 45. In furtherance of their scheme, plaintiff maintains defendants engaged in extortion of Donohue, embezzlement from the Funds, and fraudulent communications with the government and participants. Compl. ¶¶ 42, 45.

Plaintiff urges that after she brought these instances of corruption to the attention of the Board of Trustees, rather than taking corrective action, the Board became upset with plaintiff. In retaliation for her alleged disclosures of defendants' violations of federal law and the Consent Judgment with the Government, plaintiff asserts she became a target of vandalism, abuse, intimidation, and threats. Compl. ¶¶ 29–30. Finally, on September 19, 1996, defendants fired plaintiff.

---

1. On June 21, 1994, the United States Attorney instituted a civil RICO action against Local 282, its Executive Board and certain former officers alleging that Local 282 was infiltrated, controlled and corrupted by members of the Gambino Crime Family (94–CV–2919). Although the Fund was not named in that action, the IBT and Local 282 were defendants. This litigation was resolved on March 22, 1995, when the parties entered into a Consent Judgment.

## DISCUSSION

### A. Rule 12(b)(6) Standard of Review

In deciding a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must accept all allegations in the complaint as true and draw all inferences in favor of the non-moving party. *Wynn v. Uhler*, 941 F.Supp. 28 (N.D.N.Y.1996). A court should not dismiss a complaint unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim. *Sunrise Indus. Joint Venture v. Ditric Optics, Inc.*, 873 F.Supp. 765, 769 (E.D.N.Y.1995).

In sum, the Union defendants argue that the RICO claims against the Union defendants should be dismissed because: (1) plaintiff lacks standing under RICO to assert claims against any of the defendants based upon the predicate acts alleged in the Complaint; (2) plaintiff fails to allege sufficient facts to demonstrate that the Union defendants engaged in a "pattern" of racketeering activity by aiding or abetting the commission of two or more RICO predicate acts; and (3) plaintiff fails to allege sufficient facts to show that the Union defendants conspired to commit two or more RICO predicate acts in violation of 18 U.S.C. § 1962(c). In addition, defendants contend that the Consent Judgment claims should be dismissed because plaintiff lacks standing to assert such claims. *See* Union Defs'. Mem. at 2–3.

### B. Standing Under RICO

As a threshold issue, the Court first must determine whether the plaintiff has standing to bring the RICO claims she asserts in her Complaint. "Section 1964(c) of Title 18 of the United States Code authorizes private actions for treble damages for '[a]ny person injured in [her] business or property by reason of a violation of [the RICO Act's substantive provisions].'" *Burdick v. American Express Co.*, 677 F.Supp. 228, 229 (S.D.N.Y.1988) (citation omitted in original). Furthermore, a plaintiff only has standing if she has been proximately injured in her business or property by the conduct constituting the violation. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496–97, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985).

The RICO standing requirement is satisfied only if plaintiff demonstrates that the commission of the RICO predicate acts proximately caused her injury. *In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 399 (2d Cir.1994). A defendant who violates § 1962 is not liable for treble damages to everyone he might have injured by alleged violations, but only to those who can establish a direct relationship between their asserted injury and the injurious conduct. *Burdick v. American Express Co.*, 865 F.2d 527, 529 (2d Cir.1989). A remotely related injury is insufficient to support a claim under RICO. *Id.*

The Second Circuit's position on retaliatory discharges is unambiguous—loss of employment, does not constitute an injury to business or property sufficient to satisfy RICO's standing requirement. *See Id.* (the purpose of civil RICO liability does not extend to deterring any illegal act such as retaliatory firings for which there are state and common law remedies); *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 24 (2d Cir.1990); *see also O'Malley v. O'Neill*, 887 F.2d 1557, 1563 (11th Cir.1989); *Cullom v. Hibernia Nat'l Bank*, 859 F.2d 1211, 1216 (5th Cir.1988). "Although [plaintiff's] loss of employment may have been factually caused by defendants' RICO violations, it was not a foreseeable natural consequence sufficient for proximate causation." *Hecht*, 897 F.2d at 24. Accordingly, plaintiff does not have standing based on her termination.

Attempting to overcome the hurdle presented by the Second Circuit's position on retaliatory loss of employment, plaintiff argues that she suffered a loss to her "property" in that she was deprived benefits under ERISA which, plaintiff claims constitute "property." Specifically, plaintiff alleges that her right, as Fund Manager, to inform the fund participants and others of any violations, and her right to sue on behalf of the funds to recover for defendants' fiduciary breaches constitute property under RICO, sufficient to confer standing. In sum, plaintiff urges, her property was taken away because her rights were extinguished by defendants' threats of violence and thereafter by her termination. Plaintiff's reasoning is both novel and creative, however it is unsupported by existing legal authority. This Court agrees with the Fifth and Ninth Circuits, which hold that an "[i]njury to mere expec-

tancy interests or to an 'intangible property interest' is not sufficient to confer RICO standing." *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607 (5th Cir.1998) (citation omitted); *see also Oscar v. University Students Co-op. Ass'n*, 965 F.2d 783, 785 (9th Cir.1992). Plaintiff's lost rights are too speculative and insufficient to confer standing under RICO.

Indeed, even if this Court agreed that plaintiff suffered a loss to her property because her rights to inform and sue were extinguished, her injury merely would be a collateral result of defendants' alleged violations and insufficient to confer standing. Plaintiff lost her rights because she was terminated. Accordingly, because a retaliatory termination does not confer RICO standing under RICO, *Burdick*, 865 F.2d at 529; *Hecht*, 897 F.2d at 24, it follows that any injury plaintiff suffered as a result of the alleged retaliatory termination does not confer RICO standing.

Next, plaintiff alleges that she was the target of extortion in that she was victimized by threats of physical violence and bodily harm in order to induce her silence, and that as a victim of this extortion she has standing to maintain a RICO action. Compl. ¶ 42. However, any extortion that may have occurred was remote and an incidental byproduct of defendants' alleged racketeering. Because plaintiff was not proximately injured by reason of defendants' alleged RICO violations, she has no standing to bring a civil RICO suit based on purported extortion.

Finally, plaintiff alleges that she was injured in her property by defendant's embezzlement from the funds to which she was a participant because she did not receive the loyal and honest services of the trustees. It is important to note however, that plaintiff currently is a participant solely of the Annuity Fund. She no longer is a participant of the Welfare, Pension, Job Training and Vacation and Sick Leave Funds. Although the Supreme Court has recognized that individual participants have the right to file suit to recover losses as a result of wrongdoing by ERISA fiduciaries, *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), it does not necessarily follow that plaintiff also has standing to pursue a RICO claim. Again, to have RICO standing, plaintiff's injury to business or property must be proximately caused by defendants' predicate acts. *Hecht*, 897 F.2d at 23–24. Defendants' alleged misconduct was directed at the funds and not directly at plaintiff. Any injury she suffered in the form of loss of the honest services of the trustees, loss of employment, or loss of expected ERISA rights was incidental to defendants' alleged misconduct towards the funds and insufficient to afford standing for a RICO civil action.

Applying the foregoing standards, this Court concludes that the plaintiff lacks standing to assert a RICO claim because she fails to allege facts that would establish that (1) she suffered an injury to her business or property; and (2) the injury was a proximate cause of defendants' aiding or abetting the commission of two or more RICO predicate acts. Accordingly, defendants' motion to dismiss plaintiff's RICO claims pursuant to Rule 12(b)(6) is GRANTED.[2]

## C. Breach of Fiduciary Duty and Unlawful Retaliation Claims Under ERISA

Plaintiff alleges that the defendant Trustees' actions violated her rights under ERISA in her roles as administrator of the funds and as a Fund participant. Specifically, as Fund administrator, and pursuant to 29 U.S.C. § 1140, plaintiff claims a right to provide the Fund participants information regarding ERISA violations. Likewise, pursuant to 29 U.S.C. § 1132(a) and as an Annuity Fund participant, she claims a right to the loyal and honest service of the trustees. Pl's. Mem. at 2.

Although ERISA has a broad remedial purpose, only participants, beneficia-

**2.** With regard to the sufficiency of plaintiff's RICO claims and RICO conspiracy claims, a violation of § 1962(c) requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima*, 473 U.S. at 496. The plaintiff must allege each of these elements. *Id.* However, because this Court finds that plaintiff does not have standing to pursue her RICO claims, there is no need to examine the sufficiency of these claims.

ries, fiduciaries, or the Secretary of Labor have standing to commence an action. 29 U.S.C. § 1132(a). The Second Circuit has held that this list is exclusive. *Pressroom Unions–Printers League Income Sec. Fund v. Continental Assurance Co.,* 700 F.2d 889, 892 (2d Cir.1983), *cert. denied,* 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983). Furthermore, standing is determined as of the time of the lawsuit, not at the time of the alleged ERISA violations. *Raymond v. Mobil Oil,* 983 F.2d 1528, 1534–35 (10th Cir. 1993). Accordingly, plaintiff is (1) a former administrator of the Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Funds; (2) a former participant of the Welfare, Pension, Job Training and Vacation and Sick Leave Funds; and (3) a current participant of the Annuity Fund. While it is clear that individual participants and fiduciaries have standing to sue under 29 U.S.C. § 1132(a)(1), plaintiff currently is neither a participant nor administrator of the Welfare, Pension, Job Training and Vacation and Sick Leave Funds and therefore, has no standing to bring suit in her own right or on behalf of these funds.

Next, this Court must determine whether plaintiff has standing to sue as a former fiduciary on behalf of the funds. The parties disagree as to whether plaintiff was an "administrator" or a "fiduciary." However, even if this Court presumes that she was a fiduciary, plaintiff still does not have a right under ERISA to sue on behalf of the funds. She is a former fiduciary, and the Second Circuit has ruled that former fiduciaries do not have standing to sue under ERISA. *Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 939 F.2d 12, 14–15 (2d Cir.1991). In a similar case, the Eight Circuit held that a former fiduciary did not have standing to sue on behalf of the plan, *even when he was removed for the very purpose of preventing him from bringing suit. Blackmar v. Lichtenstein,* 603 F.2d 1306 (8th Cir. 1979) (emphasis added). In the instant case, plaintiff makes a similar claim, urging that she was fired to deprive her of her right under ERISA to bring suit on behalf of the funds. However, "[l]ike Blackmar, [plaintiff] is no longer a fiduciary of the plan and cannot be deemed one for purposes of assert-ing a claim under ERISA." *Chemung,* 939 F.2d at 15.

Finally, recognizing that plaintiff is a current participant of the Annuity Fund, and therefore has standing to sue on behalf of the fund to recover losses sustained by wrongdoing, defendants urge that plaintiff sets forth conclusory allegations in support of her claim of breach of fiduciary duty which are insufficient to survive a motion to dismiss. Def's. Mem. at 17. "Although a district court is required to accept as true all well-pleaded allegations in deciding a motion to dismiss, it is not required to accept as true conclusory allegations for which there are no factual underpinnings." *Alter v. Bogoricin,* 1997 WL 691332, *12 (S.D.N.Y.) (citing *De Jesus v. Sears, Roebuck & Co., Inc.,* 87 F.3d 65, 70 (2d Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996)) ("conclusory allegations unsupported by factual assertions [fail] even the liberal standard of Rule 12(b)(6)") (quotations omitted). An examination of plaintiff's Complaint reveals that, besides some conclusory allegations, her Complaint includes substantial factual allegations, which this Court is required to accept as true for the purpose of deciding this motion to dismiss. Accordingly, defendants' motion to dismiss plaintiff's ERISA claims is GRANTED as to the Welfare, Pension, Job Training and Vacation, and Sick Leave Funds and DENIED as to the Annuity Fund.

## D. COBRA Claims

Under COBRA, a plan administrator is required to provide its employees with notice of their rights to continuation of coverage within fourteen days of notice of termination. 29 U.S.C.A. § 1166(a)(2). It is within the Court's discretion to impose a penalty of up to $100.00 per day for failure to provide timely notice of continued coverage under COBRA. 29 U.S.C. § 1132(c). Plaintiff alleges that defendants failed to provide her with timely notice of her rights to continued coverage under COBRA as required under § 1166. Compl. ¶ 85. Pursuant to § 1132(c), plaintiff requests damages in the amount of $100.00 per day for each day the defendant funds failed to provide timely notice. In

addition, plaintiff requests compensation for all medical expenses incurred during the period in which defendant funds failed to provide her with the required notice.

Defendants urge that plaintiff's COBRA claim should be dismissed because plaintiff failed to allege prejudice or harm in her Complaint. *Chambers v. European Am. Bank & Trust Co.*, 601 F.Supp. 630, 638 (E.D.N.Y.1985). However, plaintiff's prayer for compensation for medical expenses allegedly incurred during the aforementioned period is sufficient to withstand a motion to dismiss because plaintiff may have been prejudiced if she incurred medical expenses that are commonly covered under COBRA. Consequently, defendants' motion to dismiss the COBRA claims hereby is DENIED.

### E. Standing to Pursue Consent Judgment Claims

According to the Union defendants, only the United States may seek enforcement of a consent judgment unless the consent judgment specifically provides otherwise, *See United States v. American Soc'y of Composers*, 341 F.2d 1003, 1008 (2d Cir. 1965), *cert. denied*, 382 U.S. 877, 86 S.Ct. 160, 15 L.Ed.2d 119 (1965). The Union defendants argue that because the Consent Judgment here reserves its enforcement to the parties, plaintiff's Consent Judgment claims must be dismissed. Union Defs.' Mem. at 20–21.

Under the terms of the Consent Judgment, this Court retained jurisdiction to "supervise implementation of this Consent Judgment and shall have exclusive jurisdiction to decide any and all issues arising under this Consent Judgment." *See* Consent Judgment ¶ XI. Plaintiff argues that the parties expressly agreed that nothing in the Judgment limited the power of the Court to impose "other appropriate relief." *Id.* at ¶ XII. Indeed, the Judgment permitted any party to seek an amendment from the Court, and nothing limited the Court's power to amend the Judgment. *Id.* at ¶ XIV. Further, the IBT expressly agreed, on behalf of Local 282, that the Court could exercise jurisdiction over Local 282, its officers, agents, representatives, and employees, including the IBT

Trustee. Consent Judgment at ¶ XVI. This jurisdiction includes the Union Fund Trustees appointed pursuant to the Consent Judgment. *Id.* at ¶ II.H. The purpose of the Consent Judgment was to "eradicate any influence of organized crime or corruption over Local 282" and that Local 282 and the IBT "seek to ensure that any traces of racketeering, corruption and organized crime influence are eradicated." *Id.* at p. 2.

Accordingly, because this Court retains jurisdiction over the IBT Trustee (LaBarbera) and other Fund Trustees both as union representatives and as fund trustees by the express terms of the Consent Judgment and, because the Consent Judgment does not limit this Court's power to grant relief as it deems appropriate, defendants' motion to dismiss the Consent Judgment claims hereby is DENIED.

### F. Pendent State Claim for Intentional Infliction of Emotional Distress

28 U.S.C. § 1367(a) provides the district court with supplemental jurisdiction over related claims provided the district court has original jurisdiction over a claim. Although plaintiff's RICO and ERISA claims as to the Welfare, Pension, Job Training and Vacation and Sick Leave Funds hereby are dismissed without prejudice, this Court maintains original jurisdiction over plaintiff's ERISA claims as to the Annuity Fund, COBRA claim, and Consent Judgment claim, thereby permitting plaintiff's State claim of intentional infliction of emotional distress to survive defendants' motion to dismiss.

Defendant contends that plaintiff's claim for intentional infliction of emotional distress should be dismissed because the claim is preempted by Section 514(a) of ERISA, 29 U.S.C. § 1144(a). In the alternative, defendant urges that the claim should be dismissed because the plaintiff failed to allege "extreme and outrageous" conduct.

Section 514(a) provides that if a State claim relates to an employee benefit plan, then ERISA will preempt the claim. *See* 29 U.S.C. § 1144(a); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62, 107 S.Ct. 1542, 1545–46, 95 L.Ed.2d 55 (1987); *Pilot*

*Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 48–51, 107 S.Ct. 1549, 1553–55, 95 L.Ed.2d 39 (1987). Plaintiff claims that the defendants intentionally inflicted emotional distress on her by harassing her in an attempt to dissuade her from (1) disclosing alleged improprieties in the operation of the funds and (2) cooperating with the Corruption Officer. Compl. ¶ 81. Although plaintiff's claim appears related to the employee benefit plan, this Court concludes that the claim is personal to plaintiff. Moreover, plaintiff's assertions of vandalism and threats of physical harm resulting in the need to hire an armed bodyguard to protect plaintiff, sufficiently satisfy her burden of alleging "extreme and outrageous" conduct. Accordingly, defendants' motion to dismiss plaintiff's claim for intentional infliction of emotional distress hereby is DENIED.

### CONCLUSION

For the reasons set forth herein:

(1) Defendants' motion to dismiss the RICO claims on the ground that plaintiff does not have standing is GRANTED;

(2) Defendants' motion to dismiss the RICO conspiracy claims is GRANTED;

(3) Defendants' motion to dismiss plaintiff's Consent Judgment claim is DENIED;

(4) Defendants' motion to dismiss plaintiff's ERISA claims as to the Welfare, Pension, Job Training and Vacation and Sick Leave Funds is GRANTED;

(5) Defendants' motion to dismiss plaintiff's ERISA claims as to the Annuity Fund is DENIED.

(6) Defendants' motion to dismiss plaintiff's COBRA claim is DENIED; and

(7) Defendants' motion to dismiss plaintiff's claim for intentional infliction of emotional distress is DENIED.

SO ORDERED.