· **T & M MEAT FAIR, INC., et al.,**
**Petitioners–Plaintiffs,**

v.

**UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 174, AFL–CIO, et al., Respondents–Defendants.**

**No. 02 CIV. 2415(RWS).**

United States District Court,
S.D. New York.

July 15, 2002.

Ballard, Rosenberg, Golper & Savitt, by Kenneth McCulloch, Esq., New York City, for Plaintiffs.

Waxman & Wincott by William E. Weber, Esq., Woodbury, NY, Slevin & Hart by Lynn A. Bowers, Esq., Washington, DC, Meyer, Suozzi, English & Klein by Richard Brooks, Esq., Patricia McConnell, Esq., New York City, for Defendants.

*OPINION*

SWEET, District Judge.

Plaintiffs T & M Meat Fair, Inc. ("T & M"), Michael Milano ("Milano"), Anthony Maurino ("Maurino") and Thomas Ventrone ("Ventrone") (collectively the "Plaintiffs") have moved to remand this case to state court after the defendants, who are all associated with the United Food and Commercial Workers ("UFCW"), filed Notices of Removal invoking this Court's original jurisdiction under section 503 of the Employment Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132, and section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Plaintiffs also seek attorneys' fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).

For the following reasons, Plaintiffs' motion to remand and request for attorneys' fees and costs are denied.

*Parties*

Plaintiff T & M is in the business of fabricating and selling meat wholesale. Its principal place of business is at 559 West Street, New York, New York.

Plaintiffs Milano, Maurino and Ventrone own and operate T & M.

Defendant UFCW International Union (the "International") is a labor union.

Defendants UFCW Local 174 ("Local 174") is a local union of the UFCW and represents workers at T & M. Local 174 was placed under a trusteeship by the International, effective March 1, 2001. Sometime afterward, the International placed the administration of Local 174 under the control of UFCW Local 342–50 ("Local 342–50"). The principal place of business of both locals is located at 540 West 48th Street, New York, N.Y. 10014.

Defendants Local 174 Commercial Health Fund (the "Local 174 Health Fund") and UFCW Local 174 Commercial Pension Fund (the "Local 174 Pension Fund") (collectively the "UFCW Affiliated Funds") also share this principal place of business. The UFCW Funds are ERISA plans. The UFCW Affiliated Funds are overseen by defendants the Board of Trustees of the UFCW Affiliated Funds ("Board of Trustees").

Defendant Dennis O. Sherwood is the Fund Administrator of the UFCW Affiliated Funds.

Defendant Lisa O'Leary is the Executive Vice–President and Director of Organizations for Locals 174 and 342–50.

Defendant Cathy Garcia is the Business Agent for Locals 174 and 342–50.

Defendant Richard Abondolo is President of Locals 174 and 342–50.

Defendant Nickolas Abondolo is the Fund Administrator for the Local 342–50 Commercial Health Care Fund and Pension Fund and, effective sometime after December 21, 2001, the Fund Administrator for the Local 174 Affiliated Funds.

*Facts*

The following facts are as alleged in the Amended Complaint, and do not constitute findings of fact by the Court.

This is a class action alleging that owners of establishments who have collective bargaining agreements with Local 174 were required to join Local 174, pay required charges, and make contributions to the health and welfare and pension funds of Local 174. Plaintiffs allege that Local 174 representatives told class members that by joining, they would then be covered by the UFCW Local 174 Affiliated Plans. The UFCW representatives knew at this time of enrollment that the class members were owners.

After enrolling, class members were treated as plan members and beneficiaries. They received coverage information and identification cards, and were charged monthly charges. Further, the Affiliated Plans paid their claims when presented.

Plaintiffs allege that these actions were fraudulent because both Local 174 and the Local 174 Affiliated Funds were aware that owners could not be plan participants and beneficiaries under the plan documents of the Local 174 Affiliated Funds. As a result of the scheme, Plaintiffs allege that Local 174 was able to collect payments from the owners. Further, when and if the class members did not comply with Local 174 in labor relation matters, Local 174 directed its Affiliated Funds to terminate the participation of the class members from the Local 174 Affiliated Plans. The Local 174 Affiliated Funds did terminate class members, advising them the they were not eligible to participate in the plans as "owners."

*The Named Plaintiffs*

T & M commenced operations in 1995. In April 1998, T & M and Local 174 entered into a collective bargaining agreement so that one T & M employee could be covered by the Local 174 Affiliated Plans. That agreement has since been extended to March 31, 2004.

In October 1998, Milano joined Local 174. Ventrone joined in January 1999, and Maurino joined in August 2000. Because they were contributing to the Local 174 Affiliated Plans and were presumably covered under them, the Owner-plaintiffs terminated other health and medical coverage.

In August 2001, Local 174 demanded that T & M and the Owner-plaintiffs recognize T & M as the bargaining agent for the T & M delivery persons. Plaintiffs refused to comply.

By notice dated October 19, 2001, Local 174 advised T & M that it was going to demand arbitration on multiple issues and threatened T & M with a work stoppage.

By notice dated October 29, 2001, Sherwood, the administrator for the Local 174 Affiliated Plans, advised the Plaintiffs that their family health care coverage with the Local 174 Affiliated Funds was being terminated on October 31, 2001 because "[w]e have been advised by the union that you are no longer paying dues."

Plaintiffs claim that O'Leary told Sherwood to send this notice because she was trying to put pressure on the Plaintiffs to concede to Local 174 on labor relations demands.

Plaintiffs received the notice on October 30, 2001 and attempted to discover the amount demanded. They were unsuccessful.

At the time of cancellation, the Owner-plaintiffs had paid the following amounts. The plaintiffs had to pay fees of $150 to enter Local 174 and weekly dues of $8 per week. The cost of the health care benefits ranged from $399 per month in 1998–99 to $547 per month at the time of cancellation. The cost of pension benefits was $40 per month in 1998–99 and had increased to $100 per month by the time of termination.

After the termination, Milano attempted to obtain alternative health care coverage. Eventually, he arranged for alternative coverage to start on January 1, 2002. Therefore, he had no health care from October 31, 2001 to January 1, 2002. During that time, Milano's daughter was hospitalized with a serious medical condition and incurred charges of $5,357.34. Milano's daughter has required further treatment. Milano has been unable to pay these charges, which would have been covered under the Local 174 health care plan.

By a notice dated December 21, 2001, Sherwood advised the Owner–Plaintiffs that:

> Under the terms of the Fund's Plan, benefits are provided to certain employees of participating employers based on the employer's obligation to make contributions on the employees' behalf. In accordance with federal law, this obligation must be detailed in a collective bargaining agreement or other written agreement. The collective bargaining agreement [between] T & M Meats and UFCW Local 174 requires that T & M Meats contribute to the Fund on behalf of all bargaining unit employees. How-ever, it has come to the Fund's attention that you are an owner of T & M Meats, and you have offered no evidence of membership in the unit. Therefore, you may not be considered a bargaining unit employee. Since you are not a bargaining unit employee, you are not eligible to participate in the Fund and your participation and coverage were terminated effective October 31, 2001.

> In addition, please be advised that the termination of your participation is not a qualifying event as defined under the COBRA provisions of ERISA, especially, ERISA Section 603. Since you have not experienced a qualifying event, you are not entitled to elect COBRA continuation coverage under the Fund ....

> We are reviewing the Funds' records concerning the period of your participation in the Fund and will advise you of our findings in the near future.

Notice of Termination, at 1–2.

### Prior Proceedings

Plaintiffs commenced this action in the Supreme Court of New York, County of New York, on March 8, 2002. By order dated March 15, 2002, defendant Local 174 was required to show cause on April 11, 2002 at 10:35 a.m. why an Order should not issue from that Court staying an arbitration and requiring the Local 174 Funds to pay Milano's medical expenses. Pursuant to the Order, Local 174 was to furnish its answering papers by April 9, 2002.

On March 26, 2002, Plaintiffs served and filed a Verified Amended Petition and Complaint (the "Amended Complaint") in the New York State Supreme Court action. The Complaint contained six causes of action, only the first three of which are at issue here.[1] Counts I and II were brought on behalf of "all owners of estab-

---

**1.** As discussed in an accompanying order, Plaintiffs have stipulated to the dismissal

without prejudice of Counts IV, V, and VI, which sought a stay of arbitration.

lishments that have a collective bargaining agreement with Local 174 who have been required to personally join Local 174 and pay, on their own behalf, initiation fees and dues and other charges imposed by Local 174 and make contributions to the health and welfare and pension funds of the Local 174 Affiliated Funds on their own behalf." Compl. ¶ 12. The other four causes of actions do not purport to be brought on behalf of a class.

Count I alleges fraud, fraudulent misrepresentation, and breach of fiduciary duty. The first cause of action alleges, *inter alia*, that the Local 174 Fund Defendants breached fiduciary duties under ERISA. Compl. ¶¶ 53–54, 70–71. Plaintiffs seek, *inter alia*, the appointment of a receiver to administer the Local 174 Affiliated Funds and the return of the amounts paid to the Local 174 Funds with interest. Compl. 17–18 ¶ B, G.

Count II alleges intentional infliction of emotional distress and fraud on the part of individual defendants Garcia, O'Leary and Sherwood. It alleges that those individuals took actions that were "designed and intended to deprive the Owner Plaintiffs and the other members of the Class they represent of statutory rights that they have under Federal labor laws and ERISA." Compl. ¶ 81.

Count III seeks a declaratory judgment that an October 2001 notice of termination of benefits sent to *Milano* is void and that he should have received benefits at least until December 2001. Plaintiffs cite an ERISA provision, 29 U.S.C. § 1133, 29 C.F.R. § 2560.503–1(f)(g), requiring adequate notice in writing for denial of benefits and a reasonable opportunity for a full and fair hearing by the appropriate fiduciary of the decision denying the claim.

Count III also seeks an order giving Milano "the right to exercise his COBRA[2] continuation rights." Compl. at 22.

On March 28, 2002, the Local 174 Fund Defendants filed the Notice of Removal in the District Court for the Southern District of New York on the basis of original jurisdiction under ERISA. On March 29, 2002, the remaining Defendants filed a Notice of Removal on the basis of jurisdiction pursuant to ERISA and the LMRA.

On April 2, 2002, prior to filing a motion for remand, Plaintiffs' counsel requested a hearing on April 10, 2002 to determine whether the case should be remanded. Defendants agreed to the hearing on April 10, 2002, but received permission to file papers after that time.

Oral argument was held on April 10, 2002, and the submissions were considered complete on April 22, 2002.

### *Discussion*

### I. *Removal Was Proper*

Removal jurisdiction must be strictly construed, and the burden lies with the respondents to establish a valid basis for federal jurisdiction. "Under 28 U.S.C. § 1441, a civil action filed in state court may be removed by the defendant to federal district court if the district court has original subject matter jurisdiction over the plaintiff's claim." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 271 (2d Cir.1994).

A federal court has jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that the federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

---

**2.** "COBRA" refers to certain amendments to ERISA, codified at 29 U.S.C. §§ 1161–1169, enacted pursuant to the Consolidated Omni-

bus Budget Reconciliation Act of 1986, Pub.L. No. 99–272.

question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *see Travelers Indem. Co. v. Sarkisian,* 794 F.2d 754, 758 (2d Cir.1986) (*citing Franchise; Gully v. First Nat'l Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)).

■ The Amended Complaint states that plaintiff Milano asserts Count III "under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* and the enforcement of his claims is specifically authorized to proceed in [state] Court pursuant to the provisions of [section 502(a)(1)(B) of ERISA], 29 U.S.C. § 1132(a)(1)(B)." That section provides that "[a] civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan ...." 29 U.S.C. § 1132(a)(1)(B). Section 502(e)(1) of ERISA provides that "[s]tate courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions [under section 502(a)(1)(B) ]." 29 U.S.C. § 1132(e)(1).

As a result, this Court plainly has original jurisdiction of Count III according to the face of the Amended Complaint.

The issue of whether Counts I and II are federal claims presents a closer question, but one that is unnecessary to decide at this time.[3] The Supreme Court has stated that "the presence of even one claim

'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal." *Wisconsin Dep't of Corrections v. Schacht,* 524 U.S. 381, 118 S.Ct. 2047, 2051, 141 L.Ed.2d 364 (1998) (*citing Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 163–66, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997)). Further, Section 1441(c) of the Judicial Code expressly provides that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c).

In the interests of judicial economy, and because the issues of state law involved are not novel, all matters shall be heard in this Court.

## II. *Standing*

The only parties that have standing to commence a lawsuit pursuant to ERISA are "plan participants and beneficiaries," the Secretary of Labor, and a state. 29 U.S.C. § 1132; *see also Donohue v. Teamsters Local 282 Welfare Pension,* 12 F.Supp.2d 273, 279–80 (E.D.N.Y.1998) ("[T]his list is exclusive.") (*citing Pressroom Unions–Printers League Income Sec. Fund v. Continental Assurance Co.,* 700 F.2d 889, 892 (2d Cir.1983)). Standing

---

**3.** As discussed above, the Amended Complaint alleges in Count I that the Defendants breached their fiduciary duties under ERISA. Such breaches are governed by section 404 of ERISA, 29 U.S.C. § 1104. Further, Plaintiffs seek as relief in Count I the appointment of a receiver to administer the Local 174 Affiliated Funds. Such relief is expressly authorized by section 409 of ERISA, 29 U.S.C. § 1109, and can be granted only by a federal court.

Yet Plaintiffs argue that these claims are incidental to the underlying fraud and do not transform the state claims into a federal action. *Nelson v. United Artist Theater Circuit,* 835 F.Supp. 844, 846 (E.D.Pa.1993) ("the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve the congressional purposes and the federal system.").

is determined at the time of the lawsuit, not at the time of the alleged ERISA violations. *Donohue,* 12 F.Supp.2d at 279–80.

Plaintiffs argue that no where in the Amended Complaint did they claim to be "participants" or "beneficiaries" of ERISA plans and, further, that such allegation is required in order to confer jurisdiction on a federal district court. Plaintiffs misconstrue the law. They cite to *Costantini v. Guardian Life Ins. Co. of America,* 859 F.Supp. 89, 90 (S.D.N.Y. 1994), in which the plaintiff had filed suit in state court seeking benefits under a life insurance policy. The insurer removed to federal court, claiming that it was an ERISA claim, and plaintiff moved to remand. *Id.* The only basis of the insurer's claim that it was an ERISA plan was an affidavit of the plaintiff labeling it as such. *Id.* The Court determined that while there would have been federal jurisdiction because of the fact that an ERISA plan was at issue, removal was nonetheless improper because the plaintiff nowhere alleged that the plan was an ERISA plan in the face of her complaint. *Id.*

The situation is quite different here. First, Plaintiffs specifically assert Milano's rights under ERISA and therefore impliedly claim that at least he was a participant and/or beneficiary. Milano is a class member along with other Plaintiffs. If he is a participant or beneficiary, the other class members must be as well.

It is true that the named plaintiffs are no longer participants or beneficiaries and purportedly lost the benefits because they were owners. However, the 584 unnamed plaintiffs who are represented by the named plaintiffs continue to receive coverage under the Plans even though, according to Plaintiffs' allegations, they also are not eligible to receive such benefits.

Finally, despite claims to the contrary, Plaintiffs refer to the class of plaintiffs as participants and beneficiaries of an ERISA plan. *E.g.,* Compl. ¶ 17 ("[T]he Local 174 Affiliated Plans identify the members and *plan participants* who are "owners" by marking on the top of their enrollment forms the word "OWNER" in bold letters ...."); *id.* at ¶ 26 ("[T]he Owner–Plaintiffs ... participated in the Local 174 Affiliated Funds."); *id.* at 70 ("They also breached their fiduciary duty under ERISA by permitting ... owners ... to participate in such plans.")

Plaintiffs' claim not to be plan participants or beneficiaries raises an intractable problem, however. Although on the face of their complaint, they impliedly allege to be plan participants or beneficiaries, they now dispute this fact.[4] If the Plaintiffs are, in fact, not participants or beneficiaries of an ERISA plan, they cannot bring any claims under ERISA and their Complaint necessarily would be limited to state claims. Removal therefore would have been improper.

However, the Court is limited to looking at the Complaint to determine if removal was proper. The "complaint's clear reliance upon federal law at the time of removal cannot be contradicted by the plaintiff's post-removal representations." *Eastern States Health & Welfare Fund v. Philip Morris, Inc.,* 11 F.Supp.2d 384, 393 n. 5 (S.D.N.Y.1998) (*citing Bruan, Gordon & Co. v. Hellmers,* 502 F.Supp. 897, 901 (S.D.N.Y.1980)); *see also Bennett v. Beiersdorf, Inc.,* 889 F.Supp. 46, 48 (D.Conn.

---

4. As evidence, they cite the Notice of Termination, dated December 21, 2001, which states in pertinent part: "Since you are not a bargaining unit employee, you are not eligible to participate in the Fund and your participation and coverage were terminated effective October 21, 2001." Pl.'s Mem. at 10.

1995) ("A plaintiff whose case has been removed to federal court cannot defeat federal jurisdiction by amending her complaint to excise the federal claims . . . ,"). Defendants' removal is supported on the face of the Complaint. Whether in fact the Complaint was pled correctly is another matter and must wait for another day and another motion.

Attorneys' fees and costs will not be awarded.

It is so ordered.